# In the United States Court of Federal Claims

No. 12-57 C
(Filed July 12, 2013)

```
* * * * * * * * * * * * * * * * * * * * * * *
GROUND IMPROVEMENT                    *
TECHNIQUES, INC., and MK              *
FERGUSON COMPANY, for the use and     *
 benefit of GROUND IMPROVEMENT        *
TECHNIQUES, INC.,                     *
                                      *
            Plaintiffs,               *
                                      *
      v.                              *
                                      *
THE UNITED STATES,                    *
                                      *
            Defendant.                *
* * * * * * * * * * * * * * * * * * * * * * *
```

**ORDER**

The court has before it plaintiffs' notice of appeal, filed June 28, 2013. The appeal challenges every substantial ruling of the court in this litigation – the dismissal of Counts I-III of the complaint and the finding that Ground Improvement Techniques, Inc. (GIT) is not the real party in interest in this suit. *See* Notice at 1 ¶¶ 1-3. The court also has before it fully briefed cross-motions regarding substitution of counsel to represent the real parties in interest in this suit, the Secured Parties in GIT's bankruptcy. *See* Order of May 3, 2013, at 9 (setting forth a schedule regarding the substitution of counsel issue which has now been completed).

Now that plaintiffs have appealed this court's real parties in interest ruling to the United States Court of Appeals for the Federal Circuit, the court cannot rule on the competing motions before it regarding the representation of the Secured Parties in this suit. *See, e.g.*, *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) ("Ordinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal.") (citations omitted). Here, the Federal Circuit will

consider whether GIT is the real party in interest in this suit – that issue is fundamentally "related" to the substitution of counsel dispute now before this court. For this reason, the court must stay any further proceedings related to the substitution of counsel issue.

As to the only other dispute still pending before this court, consideration of the claim presented in Count IV of the complaint has been deferred until the substitution of counsel issue could be resolved. *See* Order of February 14, 2013, at 3-4. Because the court must await the resolution of plaintiffs' appeal before the substitution of counsel issue may be resolved, this delay in the resolution of a threshold procedural issue must also delay the court's consideration of the parties' competing positions as to the merits of Count IV of the complaint.[1] Although Count IV of the complaint is not "related" to subject matter of plaintiffs' appeal, the procedural threshold issue which would permit the court to adjudicate the claims in Count IV of the complaint is related to that appeal. Thus, the court cannot move forward with the litigation of the claims in Count IV of the complaint until plaintiffs' appeal has been resolved.

Accordingly, it is hereby **ORDERED** that:

(1) The Clerk's Office is directed to **STAY** all proceedings in the subject matter until further order of the court; and

(2) Plaintiffs shall **FILE** a **Notice** within fourteen days of a decision by the United States Court of Appeals for the Federal Circuit on their appeal.

                                                  s/Lynn J. Bush
                                                  LYNN J. BUSH
                                                  Judge

---

[1] As the court has previously held, the Secured Parties must participate in this suit before the court can resolve their claims presented in Count IV of the complaint. Opin. of December 5, 2012, at 11.